**1479 McBRIDE vs. COMMON COUNCIL (Grand Rapids), 32 M., 359.**

Appellant applied to the Circuit Court for a mandamus to
compel the common council to issue a warrant in payment of a
salary. The Circuit Court denied the writ on the ground of want
of authority to issue the writ except where necessary to carry into
effect its own orders, judgments and decrees, or in the exercise
of a general control over inferior courts and tribunals.

Judgment affirmed and writ of error dismissed.

Mandamus is a very proper writ to enable the Circuit Courts
to give effect to their appellate and supervisory authority in some
cases and is often made use of for such purposes. See Layton
vs. State, 28 N. J., 575, 577. But beyond that, it has no neces-
sary office in the scope of Circuit Court powers. The writ is not
a judicial, but a prerogative writ, 3 Bl. Com., 110. It was so
defined by Lord Mansfield, who spoke of it as a prerogative writ
flowing from the king himself, sitting in the Court of King's
Bench, superintending the police, and preserving the peace of

the country. The King v. Barker, 1 Wm. Black., 352. Formerly no issue could be made upon the return to it but if the return made sufficient answer to the application the proceeding must stop there, and the party injured by its falsity was put to his action on the case for damages, 3 Bl. Com., 111. The Statute, 9 Anne, made provision for a traverse in some cases, but it was not until that of 1 Wm. IV., c. 21, that the right to take issue on the return was given generally. Even after that statute a writ of error did not lie to review the final determination of the Court of King's Bench, Rex vs. Dean & Chapter, of Dublin, Strange, 536; same case in error, 2 Bro. Par. Cas., 554. The writ of error was given by Stat. 6 and 7, Vic., c. 67; 3 Broom & Hadley's Com., 458. The difficulties in the way of a review in the customary method are pointed out in the New Jersey case to which reference has already been made. "The nature and design in the proceeding, in its original institution, precluded the idea of a review by writ of error. It was not in the nature of a civil suit between parties to settle private rights. The award of the mandamus does not purport to adjudge or decide any right.

It is rather in the nature of an award of execution than of a judgment. It is the mode of compelling the performance of acknowledged duty, or enforcing an existing right, rather than deciding what that right or duty is. The award is no finality. It concludes nothing. If the writ is denied, the relator cannot have error, and if granted, the award could not be pleaded in bar. Like a procedendo, it was a simple command to perform a duty. The award of a mandamus to an inferior court, to proceed to judgment, to issue an execution, to restore an appeal,— to a public officer, to perform a specified duty,—is not founded on a judicial determination of any right. There is no judgment or order in the nature of a judgment, from which error can lie. The use of the writ has been extended to cases which involve, more directly, private right; but even in such case at common law, there was no judicial determination of the right on the proceeding on mandamus." Layton vs. State, 28 N. J., 575,

576. All the authorities speak of the writ as discretionary, and both Mr. Selwyn in his Nisi Prius (7 Am. Ed., 1078), and Mr. Chitty in his General Practice (Vol. 1, 791), assign as a reason why the power to issue it ought to be exercised with great caution, that a writ of error does not lie on this proceeding. See also High on Extraordinary Remedies, Sec. 536, and cases cited."

Note—Powers of Circuit Court enlarged. Constitution amended. Laws 1893, pp. 434-452. Circuit Court Rule No. 46; old rule 107.